# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
### *Nashville Division*

<table>
<tr><td>

AMY MORRIS,

    *Plaintiff,*

    *v.*

ReVIDA RECOVERY CENTERS, LLC,

    *Defendant.*

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**Case No.: 3:22-cv-00931**

</td></tr>
</table>

## JOINT INITIAL CASE MANAGEMENT ORDER

1.    **JURISDICTION:** This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a). This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a) because Defendant conducts business in this judicial district. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and 31 U.S.C. § 3732(a) because the complained-of illegal acts occurred within this judicial district. Plaintiff Amy Morris ("Morris" or "Plaintiff") is a citizen of the United States and a resident of Broadway, North Carolina. Defendant ReVIDA Recovery Centers, LLC ("ReVIDA" or "Defendant") is a Tennessee limited liability company, and its principal place of business is located at 3322 West End Avenue, Ste. 350, Nashville, TN 37203

2.    **BRIEF THEORIES OF THE PARTIES:**

a.    **PLAINTIFF:** Morris was ReVIDA's Chief Quality and Compliance Officer from May 2019 until her termination in December 2022. During her tenure at ReVIDA, she and her coworkers noted serious compliance deficiencies and fraudulent activity at ReVIDA. Morris regularly raised her concerns to management. ReVIDA's failure to take appropriate remedial action

eventually caused Morris, along with a correlator, to file a False Claims Act in April 2020. The government declined to intervene in Morris's *qui tam* lawsuit, and the federal court where it was filed unsealed it on or about August 23, 2022. On or about August 26, 2022, ReVIDA began its retaliation against Morris. ReVIDA sent a letter to Morris' attorney accusing Morris of misappropriating ReVIDA documents by forwarding them to her personal email accounts for use in her *qui tam* lawsuit. Morris's attorney responded correctly that she had rightful access to the documents. ReVIDA demanded the return of the documents from Morris two days before Morris's wedding during her scheduled and approved PTO, and while she was out of town. ReVIDA then excluded Morris from important company discussions. ReVIDA also forced Morris to attend an in-person meeting in Nashville, Tennessee where ReVIDA's attorneys were present. Morris filed the present lawsuit on November 15, 2022. ReVIDA terminated Morris on December 5, 2022 after it learned that Morris had filed this action.

b.      **DEFENDANT:** Defendant denies each of Plaintiff's allegations. ReVIDA provides critical outpatient opioid use disorder treatment services at eight different facilities located throughout Tennessee and Virginia. Plaintiff, unbeknownst to ReVIDA, filed a *Qui Tam* lawsuit in April 2020 alleging ReVIDA submitted, or caused to be submitted, false claims for payment to the Virginia and Tennessee Medicaid Programs ("*Qui Tam* Lawsuit") – allegations which ReVIDA denies. On March 25, 2021, the U.S. Department of Justice served a Civil Investigative Demand ("CID") on ReVIDA seeking documents related a DOJ investigation in coordination with the Virginia and Tennessee Attorneys General. Plaintiff, as ReVIDA's Chief Compliance Officer and fiduciary, was tasked with collecting and preparing ReVIDA's response to the CID. ReVIDA had no knowledge of Plaintiff's *Qui Tam* Lawsuit filing at the time, and at no time did Plaintiff inform ReVIDA that it was in conflict for her to assist ReVIDA with its CID response given her pending lawsuit and

potential to receive a percentage payment of any recovery or settlement thereof. ReVIDA only learned of Plaintiff's *Qui Tam* Lawsuit upon its unsealing on August 23, 2022. However, prior to this unsealing, ReVIDA discovered while gathering information in response to the CID that Plaintiff transmitted hundreds of ReVIDA documents via email to her personal unsecured Gmail account containing ReVIDA's confidential information, attorney-client privileged communications, and Protected Health Information. ReVIDA demanded by letter on multiple occasions for Plaintiff to account for and return these documents. However, Plaintiff refused, and in fact admitted during ReVIDA's investigation into her misconduct that she had deleted or destroyed certain of the documents in violation of ReVIDA's litigation hold notice that was earlier distributed in response to the CID. Plaintiff's refusal and wrongful taking and destruction of ReVIDA's information was in violation of multiple ReVIDA policies; in breach of her Business Confidentiality and Access to Company Information Agreement and her Employee Technology Systems Agreement; and in violation of ReVIDA's litigation hold notice. ReVIDA terminated Plaintiff's employment for these reasons on December 5, 2022, and ReVIDA has filed a Counterclaim in this matter alleging Conversion, Breach of Fiduciary Duty, and Breach of Contract as the result of the aforementioned misconduct. ReVIDA wholly denies that it engaged in any retaliatory conduct under the False Claims Act as the result of Plaintiff's *Qui Tam* Lawsuit.

3.    **ISSUES RESOLVED:** The parties have resolved all issues related to jurisdiction and venue.

4.    **ISSUES STILL IN DISPUTE:** Issues related liability and damages are still in dispute.

5.    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **February 6, 2023.**

6. **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **October 9, 2023**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

7. **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before **March 15, 2023**.

8. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 6, 2023**. The defendant shall identify and disclose all expert witnesses and reports on or before **June 6, 2023**.

9. **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses within 30 days after any motion for summary judgment has been decided by the Court.

10. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **October 1, 2023**.

11. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **January 15, 2024**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages (understanding that statements of fact and exhibits are filed separately).

12. **ELECTRONIC DISCOVERY.** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

13.  **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately three to five (3-5) days. A trial date no earlier than May 1, 2024 is respectfully requested.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/
Mary Leigh Pirtle (BPR No. 026659)
Kimberly Veirs (BPR No. 034811)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: 615-742-7773
Fax:  (615)-742-2806
MPirtle@bassberry.com
*Counsel for Defendant*

/s/ *Adam Augustine Carter*
R. Scott Oswald (*pro hac vice*)
Adam Augustine Carter (*pro hac vice*)
The Employment Law Group, P.C.
1717 K Street, Ste. 1110
Washington, DC 20006
(202) 261-2803
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
*Counsel for Plaintiff*

/s/  *Alan G. Crone*
Alan G. Crone
88 Union Avenue, 14th Floor
Memphis, Tennessee 38103
(901) 737-7740
(901) 474-7926 (facsimile)
acrone@cronelawfirmplc.com
*Counsel for Plaintiff*